### EISNER v. PRINGLE MEMORIAL HOME.

(Supreme Court, Appellate Division, First Department. February 19, 1909.)

1. PLEADING (§ 8*)—CONCLUSIONS.
    The exercise of the option given the lessor by a lease to grant a renewal lease or pay the tenant the value of a building on the premises is properly designated an election, so that the allegation of the complaint that he "elected" to pay the value of the building is one of fact, and not a mere legal conclusion.
    [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 8.*]

2. PLEADING (§ 246*)—RIGHT TO AMEND.
    Even if a complaint be technically deficient in alleging a conclusion, instead of a fact, plaintiff should be permitted to amend at the trial, or be afforded an opportunity to move such an amendment at special term.
    [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 246.*]

Appeal from Special Term, New York County.

Action by Mark H. Eisner against the Pringle Memorial Home. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, McLAUGHLIN, and SCOTT, JJ.

Jerome Eisner, for appellant.
Nelson Zabriskie, for respondent.

SCOTT, J. Plaintiff appeals from a judgment entered upon the dismissal of the complaint at the trial. No evidence was received, and the dismissal appears to have proceeded upon the ground that the complaint failed to state a cause of action. The plaintiff is the holder by assignment of a lease made by defendant. The lease expired on

August 1, 1907, and provided that at the expiration thereof the defendant would, at its option, either grant unto the tenant a further renewal lease of the .premises for a further term of twenty-one years, or then pay to the tenant the just and fair value of any stable which may be then standing on the demised premises. It was further provided that, in case the parties concerned do not agree upon the value of the building, such value should be determined and ascertained by arbitration.  The complaint alleged:

"Seventh. That prior to the 22nd day of June, 1907, defendant elected, pursuant to the said terms of the said lease, to pay to plaintiff the just and fair value of the building upon the premises in question, and the plaintiff and defendant were not able to agree upon such fair and just value."

The following paragraphs set forth the notification of plaintiff by defendant that it had appointed an appraiser as provided in said lease, and a request that the plaintiff would appoint an appraiser in his behalf, the appointment of an appraiser by plaintiff, the award of the appraisers as to the value of the buildings, and the failure of the defendant to pay the amount so awarded, for the recovery of which this action is brought.  The record does not indicate wherein the court found the complaint to be defective, but we are informed by the respondent's brief that the presumed defect lay in the use of the word "elected" in the seventh paragraph quoted above; the contention being that that word indicates only a legal conclusion, without a pleading of the facts upon which it rests.  The lease left it optional with the landlord whether to renew it, or to pay the value of the stable. The exercise of that option by defendant and the determination which course it would pursue is properly and legally denominated an election. Hence, when the pleadings alleged that the defendant "elected" to pay the value of the stable, he alleged a fact, to wit, that defendant had exercised its option and determined what course it would pursue. It is difficult to see by what choice of words the pleader could have more clearly and succinctly alleged what he sought to allege.  If it were necessary, as we do not think it was, to allege the. evidentiary facts which led the pleader to believe that the defendant had "elected" to pay for the buildings, those facts are set forth in the following paragraph.  Our attention has not been called to any other supposed defect in the complaint, and we find none.  It may be said, however, that, even if the complaint had been technically deficient in the particular pointed out, the plaintiff should have been permitted either to amend the complaint at the trial or should have been afforded an opportunity to move such an amendment at Special Term.  The denial of his motion in that regard would of itself have necessitated a reversal of the judgment.  But, as we construe it, the complaint was sufficient, and needed no amendment.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.  All concur.